**Louise EXIME, on her own behalf and others similarly situated, Plaintiff,**

v.

**E.W. VENTURES, INC., a Florida corporation, and Kevin Hagenstad, individually, Defendants.**

No. 08–60099–CIV.

United States District Court, S.D. Florida.

July 22, 2008.

Keith Michael Stern, Shavitz Law Group, Boca Raton, FL, for Plaintiff.

Chris Kleppin, Barry G. Feingold, Glasser Boreth Ceasar & Kleppin, Plantation, FL, for Defendants.

*ORDER DENYING PLAINTIFF'S REQUEST TO JOIN ADDITIONAL DEFENDANTS PURSUANT TO FED. R. CIV. P. 15(a) and 20(a)*

PATRICIA A. SEITZ, District Judge.

THIS CAUSE is before the Court on Plaintiffs Motion for Leave to File Amended Complaint [DE–22]. On December 1, 2006, Page Holdings, Inc. ("Page Holdings") and Defendant E.W. Ventures, Inc. ("E.W.") entered into an Asset Purchase and Sale Agreement [DE–23–2], in which E.W. agreed to purchase the operational assets of a dry cleaning business from Page Holdings.[1] On January 23, 2008, Plaintiff filed a one-count Complaint against Defendant E.W., as well as its manager Kevin Hagenstad, for violations of the Fair Labor Standards Act allegedly occurring between March 2005 and October 2007. On March 11, 2008, Defendants answered the Complaint [DE–12]. Plaintiff now requests that the Court grant leave to amend her Complaint in order to formally join Page Holdings, as well as its manager Pascquale Gervasio, as Defendants pursuant to Fed.R.Civ.P. 15(a) and 20(a).

While leave to amend the pleadings pursuant to Fed.R.Civ.P. 15(a) is freely permitted, *see McKinley v. Kaplan,* 177 F.3d 1253, 1258 (11th Cir.1999), Plaintiff's Motion is simultaneously governed by Fed.R.Civ.P. 20(a). A plaintiff seeking to join a putative defendant under Rule 20(a) must demonstrate: (1) a right to relief arising out of the same trans-

---

1. Thus, Plaintiff worked for Page Holdings until execution of the Asset Purchase Agreement, at which time he was hired by E.W.

action or occurrence, or series of transactions or occurrences, and (2) some question of law or fact common to all persons seeking to be joined. Fed.R.Civ.P. 20(a). Here, quite simply, Plaintiff was employed by Page Holdings from March 2005 until December 1, 2006, and then subsequently employed by a wholly-separate entity, E.W., from December 2, 2006 until October 2007. As Page Holdings merely transferred operational *assets* to E.W., the requested joinder would permit Plaintiff to sue two entirely different companies, on the basis of wholly-unrelated conduct. Within this context, the time periods during which Page Holdings and E.W. employed Plaintiff clearly constitute separate "series of transactions or occurrences" for purposes of Rule 20(a). *See Casseus v. R & J of South Florida, Inc.,* 2007 WL 2376242, * at 1 (S.D.Fla.2007) (denying permissive joinder under substantially circumstances and noting that "the only connection between both employers is that they each employed [p]laintiff at the same [business] location.") As such, it is hereby

ORDERED THAT Plaintiff's Motion for Leave to File Amended Complaint [DE–22] is DENIED.

DONE AND ORDERED.